# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

ACORDIA OF MINNESOTA, INC.,

Civil No. 05-2860 (JRT/FLN)

Plaintiff,

v.

**TEMPORARY RESTRAINING ORDER**

GORDON R. HIES,

Defendant.

Robert W. Vaccaro and Steven E. Rau, **FLYNN GASKINS & BENNETT, LLP**, 333 South Seventh Street, Suite 2900, Minneapolis, MN 55402, for plaintiff.

Donald R. McNeil, **COLEMAN, HULL & VAN VLIET, PLLP**, 8500 Normandale Lake Boulevard, Suite 2110, Minneapolis, MN 55437, for defendant.

Plaintiff Acordia of Minnesota, Inc. ("Acordia") has requested a temporary restraining order pursuant to Federal Rule of Civil Procedure 65(b). The Court held a telephone hearing on December 14, 2005, at which the parties were represented by counsel. The Court considered the complaint, the motion, and other written submissions of plaintiff, in addition to the arguments of the parties. For the reasons set forth below, the Court grants the following temporary restraining order intended to maintain the status quo until the Court can consider plaintiff's motion following full briefing and hearing.

## BACKGROUND

Acordia is an insurance agency. Defendant Gordon Hies ("Hies") is a former employee of Acordia, and recently left Acordia. Acordia brings this lawsuit against Hies, claiming that Hies is wrongfully soliciting Acordia's clients and using Acordia's confidential information. Acordia asserts that several of its clients have already left Acordia for Hies.

Acordia asserts that Hies is bound by an employment agreement, that contains non-solicitation and non-disclosure provisions, and that prohibit him from soliciting Acordia's clients. Acordia seeks a temporary restraining order to, *inter alia*, enforce the non-solicitation and non-disclosure agreements.

At the telephone hearing, defendant disputed that Hies is bound by the non-solicitation and non-disclosure provisions of the employment agreement.

## ANALYSIS

Based on the limited submissions thus far, it appears that Acordia has made a satisfactory showing of irreparable harm if the temporary restraining order does not issue and of a likelihood of success on the merits. *See Dataphase Sys., Inc. v. C. L. Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). Accordingly, for the express purpose of preserving the status quo as much as possible and minimizing the possibility of irreparable harm until the Court has had an opportunity to rule on plaintiff's motion for injunctive relief, the Court issues the following temporary restraining order.

# ORDER

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for a Temporary Restraining Order [Docket No. 2] is **GRANTED IN PART**.

2. Defendant Gordon Hies is enjoined from directly or indirectly soliciting or accepting any business from any Acordia customers whom Hies served while in Acordia's employ who have not already left Acordia; and

3. This Order shall remain in effect until further order of this Court granting or denying a preliminary injunction or dissolving this Temporary Restraining Order.

4. Defendant's response to these issues is due by December 19, 2005. Plaintiff's reply is due by December 21, 2005.

5. In accordance with Rule 65(c) of the Federal Rules of Civil Procedure, plaintiff shall post a bond with the Clerk in the amount of $1,000.00 for the payment of such costs and damages as may be incurred or suffered by defendant in the event defendant is found to have been wrongfully enjoined or restrained.

6. Plaintiff shall immediately provide the opposing party a copy of this Order.

DATED:   December 14, 2005  
at Minneapolis, Minnesota.

                s/ John R. Tunheim  
                JOHN R. TUNHEIM  
                United States District Judge