## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

ACORDIA OF MINNESOTA, INC.,

Civil No. 05-2860 (JRT/RLE)

Plaintiff,

v.

**ORDER**

GORDON R. HIES,

Defendant.

Robert W. Vaccaro and Steven E. Rau, **FLYNN GASKINS & BENNETT, LLP**, 333 South Seventh Street, Suite 2900, Minneapolis, MN 55402, for plaintiff.

Donald R. McNeil, **COLEMAN, HULL & VAN VLIET, PLLP**, 8500 Normandale Lake Boulevard, Suite 2110, Minneapolis, MN 55437, for defendant.

On December 14, 2005, this Court issued an temporary restraining order preserving the status quo between the parties, plaintiff Acordia of Minnesota, Inc., and its former employee, defendant Gordon R. Hies, pending a hearing on a motion for a preliminary injunction on Hies's purported noncompetition agreement. Acordia now seeks a preliminary injunction enforcing the noncompetition agreement. Hies moves to dismiss the action.

## BACKGROUND

Acordia is an insurance agency.  Hies resigned from Acordia on December 1, 2005.  The next day, December 2, 2005, Acordia sent Hies a letter regarding Hies's obligations under his purported noncompetition agreement.  Hies responded by letter on December 5, 2005, stating that he was aware of his obligations to Acordia.  On December 6, 2005, Hies filed a summons and complaint with the St. Croix County Circuit Court in the State of Wisconsin, seeking a declaratory judgment regarding the validity and scope of the noncompetition agreement (the "Wisconsin action").  On December 9, 2005, Acordia filed an action before this Court, claiming that Hies is wrongfully soliciting Acordia's clients and using Acordia's confidential information, in violation of the noncompetition agreement.

Acordia was not served with the Wisconsin state court action until December 13, 2005, after it had filed suit in this Court.  On December 19, 2005 Acordia removed the Wisconsin action to the United States District Court for the Western District of Wisconsin.

Acordia now moves to transfer the Wisconsin action to this Court, and seeks a preliminary injunction enforcing the terms of Hies's noncompetition agreement.  At oral argument, counsel for Acordia informed the Court that Acordia has filed a motion to dismiss the Wisconsin action in that court, but that the motion has not yet been fully briefed.

Hies moves to dismiss the action here in deference to the Wisconsin action.

## ANALYSIS

### I.    FIRST-TO-FILE

It is undisputed that the Wisconsin action is the first-filed action.  Under the first-to-file rule, a court normally defers to the first-filed action in the interests of efficiency and comity, but may disregard this rule if there are "compelling circumstances," such as bad faith.  *Northwest Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1005-06 (8th Cir. 1993); *Federal Cartridge Co. v. Remington Arms Co., Inc.*, 2003 WL 23101805, at *2 (D. Minn. Dec. 31, 2003).  A district court's determination of whether to set aside the first-to-file rule is reviewed for abuse of discretion.  *Northwest Airlines*, 989 F.2d at 1005.

In *Northwest Airlines*, the Eighth Circuit identified two "red flags" to aid in the determination of whether "compelling circumstances" exist:  (1) prior notice to the first-filer that the other party was considering legal action, and (2) the filing of a declaratory judgment action.  *Northwest Airlines*, 989 F.2d at 1006.  However, in the absence of bad faith, the mere presence of "red flags" does not necessarily warrant setting aside the first-to-file rule.  For example, in *AEI Income & Growth Fund 23 LLC v. Razzoo's, LP*, 2004 WL 547226 (D. Minn. Mar. 17, 2004), the court applied the first-to-file rule, holding that second-filer's "prior notice" of intent to sue was simply "blowing smoke about a potential lawsuit," and that the first-filer's declaratory judgment action was not filed in bad faith, but was motivated by a legitimate concern regarding potential liability.

At this stage, the Court finds no "compelling circumstances" warranting setting aside the first-to-file rule, and will therefore stay this action, pending a ruling by the

United States District Court, Western District of Wisconsin, on Acordia's motion to dismiss or transfer.  *Cf. Federal Cartridge*, 2003 WL 23101805, at *2 (staying action pending determination of first-filed court).  In order for the parties to consider adequately the possible need for injunctive relief, however, the Court will stay the effect of this Order for fourteen days after the date of filing of this Order, after which the temporary restraining order will be dissolved.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.    Defendant's motions to dismiss [Docket Nos. 16, 29, 32 and 34] are **DENIED**;

2.    The case is **STAYED** pending an order in the declaratory judgment action filed on December 6, 2005, in the United States District Court, Western District of Wisconsin, on Acordia's Motion to Dismiss/Transfer;

3.    The effect of this Order shall be **STAYED** for a period of fourteen days after the date of filing of this Order; and

4.    The Temporary Restraining Order [Docket No. 11] shall be **DISSOLVED** after the end of the fourteen-day period.


DATED:    February 9, 2006                 _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                      JOHN R. TUNHEIM
                                             United States District Judge